COMPAÑÍA POPULAR DE TRANSPORTE, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN ET AL., Respondents.

No. 1526.   Argued June 22, 1943.—Decided February 17, 1944.

*Artemio P. Rodríguez* for petitioner.   *Dubón & Ochoteco* for intervener, plaintiff in the main action.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Pursuant to the procedure established by Act No. 10 of 1917, José Cumba filed a complaint against Compañía Popular de Transporte in the Municipal Court of Bayamón for the

recovery of unpaid wages. As a cause of action he alleged that he had entered into a verbal contract of lease of services with the defendant by virtue of which the complainant would fill the position of captain of the boats which said company was using as a public carrier of passengers between San Juan and Cataño; that the agreed salary had been $19.25 weekly for seven days of work during the week, making a daily rate of $2.75 for nine hours of work; that the complainant had been employed from July 21, 1937, until July 21, 1940, and during all that time the defendant did not allow him a day of rest for every six days of work, as provided by law, and that those days of rest which he failed to take average 156, which, at a rate of $2.75 daily, amount to $429, which sum has not been paid by the defendant, wholly or in part, despite all his efforts to collect the same. At the close of his complaint he prays that defendant be adjudged to pay him the sum of $429, together with other pronouncements of law.

The municipal court dismissed the complaint on several demurrers interposed by the defendant, and thereupon the plaintiff appealed to the District Court of Bayamón. The defendant again set up the same questions of law which it had raised in the municipal court, that is, a "motion to Quash the Summons and to Strike and Dismiss the Complaint," a "Motion for a Bill of Particulars" and finally a "Demurrer and Answer." After considering all the questions of law raised by the defendant, the district court dismissed the same and held: (a) That the municipal court had jurisdiction to take cognizance of the case because the complaint was predicated on the recovery of wages earned during days of rest, resort being had to the speedy procedure established by Act No. 10 of 1917, as amended, in cases of claims for wages; (b) that the complaint states facts sufficient to constitute a cause of action; and (c) that the complaint is not ambiguous, unintelligible or doubtful, but on the contrary gives the defendant all the information necessary to prepare its answer.

As to the difference which the defendant sought to establish between employees of a commercial or industrial establishment and employees of a public enterprise, it dismissed the same and stated that the relief afforded by the statute is applicable to all employees of commercial or industrial establishments, whether they are engaged in a private or public enterprise. The dispositive part of the resolution rendered by the lower court ordered that the case be remanded to the Municipal Court of Bayamón for further proceedings not inconsistent with the procedure established by Act No. 10 of 1917, as amended.

In order to review said order of the District Court of Bayamón, Compañía Popular de Transporte instituted in this court the certiorari proceeding now before us. Considering the public interest of the questions involved in this case, we issued the writ, pursuant to Act No. 32 of May 3, 1943, under which we have discretion to consider and review any alleged error, either procedural or of substantive law, within the certiorari proceeding, whether or not said order is reviewable by appeal.

██ The questions raised by the petitioner are all based on the construction which should be given, under Act No. 110 of May 13, 1937, to the contract of hire of services executed between José Cumba and the Compañía Popular de Transporte. We know the conditions of the contract. Let us now examine the act to which we have just referred. In its pertinent part it reads as follows:

"Section 1.—The dispositive part of Act No. 54 approved April 28, 1930, entitled 'An Act to amend Section 553 of the Penal Code, and for other purposes' is hereby amended and reenacted to read as follows:

" 'Section 1.—That Section 553 of the Penal Code, as amended August 9, 1913, March 28, 1914, November 23, 1917, and May 20, 1925, is hereby amended to read as follows:

" 'Section 553.—That all days Sunday, except when the 24th of December and the 1st and 5th of January fall on Sunday; on the

first Monday in September (Labor Day) and the 4th of July; on all legal holidays from 12 m.; on all Saturdays from 9 p. m.; on all working days from 6 p.m., and on the 24th and 31st days of December, and the 5th day of January, of each year, from 10 p.m., commercial and industrial establishments shall remain closed to the public; and one hour after closing, no work of any kind shall be permitted the employees of said establishments, except those stated below:

" ' *   *   *   *   *   *   *

" '6. Public and quasi-public utilities and works of emergency necessary to prevent danger or considerable financial losses;

" ' *   *   *   *   *   *   *

" 'Section 2.—Employees and clerks of enterprises and establishments exempted by law, and who render services on the basis of an annual, monthly or weekly salary, or in any form other than for wages or piece-work at a fixed price, shall be entitled to one day of rest for every six days of work, at full salary.' "

Since the defendant, petitioner herein, is a public utility enterprise, its employee, José Cumba who, according to the complaint, was rendering services at a weekly salary, is entitled by express provision of law to a day of rest for every six days of work, with full salary for said seven days. In other words, the employer was bound to pay him the salary corresponding to the day of rest, without demanding in exchange any work for said salary during the day of rest, since the statute forbade him to do so. But it is contended that since the employer and the employee, according to the complaint, agreed on a salary of $19.25 for a week of seven days (not six) of work, the salary corresponding to the day of rest was actually paid by the employer, and that as Act No. 110, *supra,* is not a wage act, the holding of this court in the case of *Cardona* v. *District Court,* 62 P. R. R. 59, is applicable:

"That is to say, if the parties actually contracted that the workman would be paid $1.68 for twelve hours, making an hourly rate of 14¢ an hour, the latter has already been fully compensated at the ordinary rate for all twelve hours, although he will, of course, still be entitled to the extra compensation for the ninth hour which the statute specifically provides he shall receive."

The instant case can be easily distinguished from the *Cardona* case, *supra*. In the latter case the applicable law does not compel the employer to pay for any time without receiving in exchange for such pay the corresponding work from the workman. From this follows what we said in said case, that if the parties actually contracted that the workman would be paid $1.68 for twelve hours, making an hourly rate of 14¢, the latter on being paid $1.68 had been fully compensated for all twelve hours although he will, of course, still be entitled to the extra compensation for the ninth hour provided by law.

But Act No. 110 provides that the workman or employee, such as Cumba, of a public or quasi-public enterprise, is entitled to be paid the salary corresponding to the day of rest without rendering service therefor. Hence, in the case of Cardona, where the alleged employer agrees with his employee or workman on a salary of $1.68 per day, for twelve hours of work daily, in the contract thus executed there is involved consideration because the workman or employee is being paid a salary for the four hours of extra time to which he would not be entitled if he had not rendered the services. However, in the instant case, where the workman agreed with his employer to work during the day of rest and receive in return a salary of $19.25 for seven days of work, he was not receiving compensation for the work done on that day, because without doing any work, he was entitled to receive his full salary under a statutory provision. In other words, the workman is rendering services to the employer on the day of rest without receiving anything in return, and therefore, as to his work on that day, there exists no consideration, and if we concede, for the sake of argument, that there exists consideration, it would be illicit as to the employer.

Having reached the above conclusion, § 1227 of the Civil Code (1930 ed.) is fully applicable, where it says:

"Contracts without consideration or with an illicit one have no effect whatsoever. A consideration is illicit when it is contrary to law and good morals."

It can not be maintained that the employee may waive his day of rest with pay granted to him by law. This is overruled by § 4 of the Civil Code which provides in its pertinent part the following:

"Rights granted by the laws may be renounced, *provided such renunciation be not contrary to law, to public interest or public order,* or prejudicial to the interest of a third person." (Italics ours.)

It is self-evident that such a statutory provision which grants a day of rest to workmen or employees who are in the same situation as Cumba is a matter of public policy. As was said by a prominent Spanish jurist, "Respect is deserving solely to what is done in accordance with the law." Therefore, that part of the contract of employment which bound Cumba to work for his employer during the day of rest which is granted to him under the law, with full pay, should be ignored and the contract construed only according to the clear and definite statutory provisions, that is, that the workman or employee is bound to work six days for which the employer has to pay him the salary corresponding to seven days.

Is the intervener Cumba entitled to be paid for the work which he performed for his employer during the days of rest, notwithstanding the nonexistence of the contract as to said days? In our opinion, he is entitled to such compensation just as if he had worked said day of rest for any other person not his regular employer. To hold that the workman is not entitled to recover the reasonable value of his work he performed for his employer during his days of rest, would be tantamount to ignoring the principle of eternal justice by virtue of which no person may unjustly enrich himself at

the expense of another. On this principle of law, we find the following in the *Enciclopedia Jurídica Española,* vol. 14 p. 261:

"Unjust Enrichment. Mode of unjust enrichment, which is contrary to law and reason. It is an obsolete expression, but which is still found in legal matter, alluding to the principle of law established in rule 17, tit. XXXIV, Part. 7*a,* according to which no one may enrich himself unjustly at the expense of another, which has its precedent and origin in Law 206 of the Digest, De regul. Jur., pursuant to which 'it is consistent with the natural Law that no one may increase his patrimony to the injury or prejudice of another.' The Alphonsine version reads as follows: "They even said (former wise men) that one shall not unjustly enrich himself to the prejudice of another.'

"As has been repeatedly held by the decisions, *he who makes lawful use of his rights, or who receives what is due him in accordance with the laws and by just title* does not unjustly enrich himself, that is, does not increase his patrimony to the prejudice or injury of another." (Italics ours.)

We have already pointed out that the enrichment obtained by the employer lacks consideration. Valverde, a textwriter, wrote about the doctrine of unjust enrichment and its applicability in the Spanish Civil Law, and in a footnote on page 642 of vol. 3 of his Treatise on Spanish Civil Law, he said the following:

"The doctrine of unjust enrichment is susceptible of application in a number of cases which can not possibly be foreseen, for not only is it applicable to cases of payment under mistake, but also, for example, to certain accessions or additions to the property, and in general, whenever there has been an enrichment, an increase in the property or in the rights of anyone, by unjust means or without consideration. Our code, following the French, has not established general principles with respect to said doctrine; but not so the other codes, such as the German, which have regulated the same, and rightly so, as a most important source of obligation for, as we have said, the legal principle of enrichment without consideration, is a superior rule of equity which governs, and shall increasingly govern,

many personal relations, there growing out of said principle an important obligation, to make restitution. Enrichment without consideration gives rise to the action *in rem verso*, to recover for unjust enrichment, and since said action falls within a principle of equity, its prosecution can not really be subjected to any fixed rule. But it must be said here, however, that where there is unjust enrichment at the expense of another, the person so enriched is bound to compensate, regardless of his juridical status or capacity.

"This doctrine is founded on a principle of law which is not questioned and which is upheld by the jurisprudence of all countries, that is, 'one shall not enrich himself at the expense of another,' and on two essential circumstances: 1st, that there should exist an enrichment in the patrimony of a person, and 2d, that said enrichment should lack legal consideration. Many theories have been advanced to explain this doctrine."

It is true that our Civil Code, like the Spanish, has not established general principles with respect to the doctrine of unjust enrichment. But as explained by Valverde (see citation) the code has no need to regulate this doctrine, for the legal principle of unjust enrichment is a superior rule of equity which is applicable where there is involved unjust enrichment. This doctrine is not based on the existence of a contract. If it were, there would be no need to resort to it, since the parties would be bound by the contract, which is the law between the contracting parties. We have already said that consideration on the part of the employer was not only lacking in this case, but had it existed, it would have been illicit, because it is an offense on the part of the employer if he fails to grant his workman or employee a day of rest with full salary for every six working days. Since there exists no consideration, the contract is void. As held by Manresa, "Absolutely void, without force or effect, as if it had been executed without sufficient motive or reason, is the contract without a consideration." 8 Manresa, Civil Code (1907 ed.), 685. And commenting on contracts with illicit consideration, the same textwriter, op. and tit. cited, stated

at page 788: "We think, in fact, that the contracts having illicit consideration or purpose, should be rejected as void in the eye of the law."

For this reason we do not find it necessary to discuss herein the cases of *García* v. *Cañada,* 11 P.R.R. 403; *Agosto* v. *Woods,* 13 P. R. R. 356; *Ledesma* v. *Araújo,* 15 P. R. R. 234 and *Ex parte Capó,* 59 P.R.R. 891, cited in the *Cardona* case, *supra,* because in said cases there existed a licit consideration, and their decision was based on the contract for services, while in the instant case there was no contract as to the work performed during the day of rest, and the right to compensation arises, as we have seen, from the doctrine of unjust enrichment, which is inconsistent with the existence of a contract. See §§ 1434 and 1473 of the Civil Code.

After the lengthy discussion which we have just outlined, it easily follows that the complaint filed herein by Cumba states facts sufficient to constitute a cause of action under the doctrine of unjust enrichment. It is true that the complaint could have been clearer, but as we held in *Cardona* v. *District Court, supra* (p. 90); "And if the matter of nicety of pleading is raised, it must be remembered that these cases originated in the Municipal Court by virtue of complaints signed by the workmen alone, and that § 6 of Act. No. 10, Laws of Puerto Rico, 1917 (II, p. 216), enjoins the courts to ignore that defects of form in suits for wages brought thereunder."

Similar to the *Cardona* case, the complaint in the instant case was filed in the municipal court and signed by the employee alone.

That there is involved in the present case a recovery for wages, is beyond all doubt. The claim here is not, as the employer contends, for compensation because of failure to grant the employee his day of rest. What the employee claims is the wages corresponding to the work performed during those days of rest, for which days he was entitled to

receive pay without working, and the employer, disregarding the express provision of law, procured and succeeded in having the employee work without any pay, inasmuch as he paid the same compensation that the law required him to pay without the workman having to work.

■ The question to be decided is whether the district court erred in remanding the case to the municipal court for further proceedings.

Section 3 of the Act to Regulate Appeals from Judgments of Municipal Courts in Civil Cases (Laws of 1908, p. 168), as amended by Act No. 31 of May 11, 1934 (Laws of 1934, p. 292), unquestionably decides the matter involved herein. Said Section provides in its pertinent part as follows:

"When the appeal is called for trial, the court shall, on motion of the appellant, review and consider any preliminary order, decision or ruling by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial in accordance with the arguments had unless the judge shall, by virtue of demurrer, have allowed the complaint or answer to be amended. The action thus being finally at issue, the trial shall be held as a trial de novo, and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district court."

As was justly stated in his brief, by counsel for the complainant, intervener herein, according to the statutory provision just copied, the judge of the district court should not have remanded the case to the municipal court, but he should have held the trial in his own court.

Finally, we must say that we do not agree with, nor can we accept as proper, the reasoning of the Supreme Court of Spain found in its judgment of January 8, 1940, cited by counsel for the employer, petitioner herein, to wit:

"The right to vacations admits no compensation in cash, because that would defeat its purpose of affording the employee a valuable rest."

But our answer to this contention would be that the remedy suggested by said Court rather than curing the evil which we are trying to avoid, magnifies it by rewarding the employer who enriches himself at the expense of another. Let heavy penalties be imposed on the employer who did not grant the workman said "valuable rest," and what is still of greater effect, as shown by experience, make him pay double or triple compensation for the work performed during the day which the law grants the workman to recover his strength, but let no punishment befall him who, most of the time, either through ignorance or forced by poverty, feels the need to waive, in prejudice to his health, said valuable rest which is accorded to him by a humanitarian law not only for his own good, but for the good of the community in general.

The findings of the lower court are correct, with the exception of the one which provides for the remand of the case to the municipal court. This pronouncement must be modified in the sense that the case shall be ordered to remain in the district court for further proceedings not inconsistent with this opinion. And, as modified, the order will be affirmed.